**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JACOB BARUTH,

      Plaintiff,

v.

PROFESSIONAL DEBT MEDIATION, INC., a Florida corporation,

      Defendant.

---

## COMPLAINT

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

**PARTIES**

7.      Plaintiff Jacob Baruth is a natural person.

8.      The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant Professional Debt Mediation, Inc. is a Florida corporation operating from an address at 7948 Baymeadows Way, Second Floor, Jacksonville, Florida, 32256.

12.     The Defendant's registered agent in the state of Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of

transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18. Sometime before 2014 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Ironwood at Palmer Park Apartments (hereinafter the "Account").

19. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Ironwood at Palmer Park Apartments.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection, Defendant's account # 81430013.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

25. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s).

27.   In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

28.   In December 2015 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its agent and/or employee.

29.   The Defendant is in possession of account notes for the Account that document that a telephone conversation with the Plaintiff regarding the Account occurred in December 2015.

30.   During the telephone conversation(s) in December 2015 between the Defendant and the Plaintiff regarding the Account the Defendant discussed the Account with the Plaintiff including stating the balance allegedly due on the Account to Ironwood at Palmer Park Apartments.

31.   During the telephone conversation(s) in December 2015 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

32.   During the telephone conversation(s) in December 2015 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

33.   During the telephone conversation(s) in December 2015 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

34.   During the telephone conversation(s) in December 2015 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

35.   The Defendant was aware that the Account is disputed in December 2015.

36.   The Defendant was informed that the Account is disputed in December 2015.

37.   After the Plaintiff disputed the Account with the Defendant in December 2015 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion, credit reporting agencies.

38.   After the Plaintiff disputed the Account with the Defendant in December 2015 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant did not communicate to Experian, Equifax and Transunion that the Account was disputed.

39.   After the Plaintiff disputed the Account with the Defendant in December 2015 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the

Defendant falsely represented the amount past due on the Account to Experian, Equifax and Transunion.

40.   The information communicated to Experian, Equifax and Transunion by the Defendant after the Plaintiff disputed the Account with the Defendant in December 2015 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and Transunion.

41.   The information communicated regarding the Account by the Defendant to Experian, Equifax and Transunion after the Plaintiff disputed the Account with the Defendant in December 2015 constituted a "communication" as defined by FDCPA § 1692a(2).

42.   The Defendant communicated the information regarding the Account after the Plaintiff disputed the Account with the Defendant in December 2015 to Experian, Equifax and Transunion in connection with the collection of the Account.

43.   The Defendant is in possession of account notes and/or credit reporting log(s) regarding the Account that document that the Defendant communicated information regarding the Account to Experian, Equifax and Transunion after the Plaintiff disputed the Account with the Defendant in December 2015.

44.   In December 2015 after the Plaintiff disputed the Account with the Defendant in December 2015 the Defendant communicated information regarding the Account, including the name of the original creditor on the

Account and the balance due on the Account, to Experian, Equifax and Transunion, credit reporting agencies.

45.    In December 2015 after the Plaintiff disputed the Account with the Defendant in December 2015 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant did not communicate to Experian, Equifax and Transunion that the Account was disputed.

46.    In December 2015 after the Plaintiff disputed the Account with the Defendant in December 2015 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant falsely represented the amount past due on the Account to Experian, Equifax and Transunion.

47.    The information communicated to Experian, Equifax and Transunion by the Defendant in December 2015 after the Plaintiff disputed the Account with the Defendant in December 2015 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and Transunion.

48.    The information communicated regarding the Account by the Defendant to Experian, Equifax and Transunion in December 2015 after the Plaintiff

disputed the Account with the Defendant in December 2015 constituted a "communication" as defined by FDCPA § 1692a(2).

49.   The Defendant communicated the information regarding the Account in December 2015 after the Plaintiff disputed the Account with the Defendant in December 2015 to Experian, Equifax and Transunion in connection with the collection of the Account.

50.   The Defendant is in possession of account notes and/or credit reporting log(s) for the Account that document that the Defendant communicated information regarding the Account to Experian, Equifax and Transunion in December 2015 after the Plaintiff disputed the Account with the Defendant in December 2015.

51.   In January 2016 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion, credit reporting agencies.

52.   In January 2016 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant did not communicate to Experian, Equifax and Transunion that the Account was disputed.

53.   In January 2016 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account

and the balance due on the Account, to Experian, Equifax and Transunion the Defendant falsely represented the amount past due on the Account to Experian, Equifax and Transunion.

54.   The information communicated to Experian, Equifax and Transunion by the Defendant in January 2016 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and Transunion.

55.   The information communicated regarding the Account by the Defendant to Experian, Equifax and Transunion in January 2016 constituted a "communication" as defined by FDCPA § 1692a(2).

56.   The Defendant communicated the information regarding the Account in January 2016 to Experian, Equifax and Transunion in connection with the collection of the Account.

57.   The Defendant is in possession of account notes and/or credit reporting log(s) for the Account that document that the Defendant communicated information regarding the Account to Experian, Equifax and Transunion in January 2016.

58.   In February 2016 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion, credit reporting agencies.

59.    In February 2016 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant did not communicate to Experian, Equifax and Transunion that the Account was disputed.

60.    In February 2016 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant falsely represented the amount past due on the Account to Experian, Equifax and Transunion.

61.    The information communicated to Experian, Equifax and Transunion by the Defendant in February 2016 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and Transunion.

62.    The information communicated regarding the Account by the Defendant to Experian, Equifax and Transunion in February 2016 constituted a "communication" as defined by FDCPA § 1692a(2).

63.    The Defendant communicated the information regarding the Account in February 2016 to Experian, Equifax and Transunion in connection with the collection of the Account.

64.    The Defendant is in possession of account notes and/or credit reporting log(s) for the Account that document that the Defendant communicated

information regarding the Account to Experian, Equifax and Transunion in February 2016.

65.     In March 2016 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion, credit reporting agencies.

66.     In March 2016 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant did not communicate to Experian, Equifax and Transunion that the Account was disputed.

67.     In March 2016 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, Equifax and Transunion the Defendant falsely represented the amount past due on the Account to Experian, Equifax and Transunion.

68.     The information communicated to Experian, Equifax and Transunion by he Defendant in March 2016 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and Transunion.

69.     The information communicated regarding the Account by the Defendant to Experian, Equifax and Transunion in March 2016 constituted a "communication" as defined by FDCPA § 1692a(2).

70.     The Defendant communicated the information regarding the Account in March 2016 to Experian, Equifax and Transunion in connection with the collection of the Account.

71.     The Defendant is in possession of account notes and/or credit reporting log(s) for the Account that document that the Defendant communicated information regarding the Account to Experian, Equifax and Transunion in March 2016.

72.     Upon information and belief in 2015 and/or 2016 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian, Equifax and Transunion.

73.     Upon information and belief in 2015 and/or 2016 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian, Equifax and Transunion.

74.     Upon information and belief in 2015 and/or 2016 the Defendant reported information to Experian, Equifax and Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

75.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and Transunion regarding the Account.

76.    On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and Transunion regarding the Account after October 2015.

77.    The Defendant is in possession of account notes and/or credit reporting log(s) for the Account that document that the Defendant communicated information regarding the Account to Experian, Equifax and Transunion after October 2015.

78.    The Defendant did not communicate to Experian, Equifax and Transunion that the Account is disputed on or before April 7, 2016.

79.    After the Plaintiff disputed the Account with the Defendant in December 2015 the Defendant communicated information regarding the Account to Ironwood at Palmer Park Apartments.

80.    After the Plaintiff disputed the Account with the Defendant in December 2015 the Defendant communicated to Ironwood at Palmer Park Apartments that a payment was made on the Account.

81.    After the Plaintiff disputed the Account with the Defendant in December 2015 when the Defendant communicated information regarding the Account to Ironwood at Palmer Park Apartments the Defendant did not communicate to Ironwood at Palmer Park Apartments that the Account was disputed.

82. The information regarding the Account communicated to Ironwood at Palmer Park Apartments by the Defendant after the Plaintiff disputed the Account with the Defendant in December 2015 conveyed information regarding the Account directly or indirectly to Ironwood at Palmer Park Apartments.

83. The information regarding the Account communicated to Ironwood at Palmer Park Apartments after the Plaintiff disputed the Account with the Defendant in December 2015 constituted a "communication" as defined by FDCPA § 1692a(2).

84. The Defendant communicated the information regarding the Account after the Plaintiff disputed the Account with the Defendant in December 2015 to Ironwood at Palmer Park Apartments in connection with the collection of the Account.

85. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Ironwood at Palmer Park Apartments regarding the Account.

86. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Ironwood at Palmer Park Apartments regarding the Account after October 2015.

87.　The Defendant did not communicate to Ironwood at Palmer Park Apartments that the Account is disputed on or before April 7, 2016.

88.　The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) and/or agent(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

89.　The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) and/or agent(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

90.　During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant via its employee(s) and/or agent(s) regarding the Account the Defendant via its employee(s) and/or agent(s) while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit report.

91.　The Defendant's representation stated in paragraph 90 was false and was a false representation in connection with the collection of a debt, the Account.

92.     On information and belief the Defendant made an audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff in December 2015.

93.     On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in December 2015.

94.     On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

95.     On information and belief the Defendant has a copy and/or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

96.     On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

97.     On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

98.     On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

99.  The Defendant's statement(s) and/or action(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

100.  Credit reporting constitutes an attempt to collect a debt.  See, e.g., <u>Rivera v. Bank One</u>, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); <u>Matter of Sommersdorf</u>, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); <u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1331 (D.Utah 1997).

101.  "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp.2d 836, 840 (D.Az. 2011).

102.  "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

103.  A debt collector's actions in communicating information about a payment on an account to the creditor without notifying the creditor of the disputed status of the account can constitute a violation of the FDCPA. <u>Baker v. I.Q. Data International, Inc.</u>, 14-cv-00114-WJM-MEH, 2015 WL 1945148 (D. Colo. April 29, 2015).

104.  A debt collector's actions in communicating information about a payment

on an account to the creditor without notifying the creditor of the disputed status of the account can constitute a violation of the FDCPA. <u>Irvine v. I.C. System, Inc.</u>, 14-cv-01329-PAB-KMT, 2016 U.S. Dist. LEXIS 43743 (D. Colo. March 31, 2016).

105.   Disputing the amount of the debt is sufficient to dispute the debt itself. <u>Irvine v. I.C. System, Inc.</u>, 14-cv-01329-PAB-KMT, 2016 U.S. Dist. LEXIS 43743 (D. Colo. March 31, 2016).

106.   A debt collector's actions in communicating information regarding an account to credit bureau(s) without notifying the credit bureau(s) of the disputed status of the account can constitute a violation of the FDCPA. <u>Irvine v. I.C. System, Inc.</u>, 14-cv-01329-PAB-KMT, 2016 U.S. Dist. LEXIS 43743 (D. Colo. March 31, 2016).

107.   As a consequence of the Defendant's action(s) in the year prior to the filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k(a).

## <u>COUNT I, FDCPA VIOLATION</u>

108.   The previous paragraphs are incorporated into this Count by reference.

109.   The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

110.   Pursuant to FDCPA § 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.    Judgment in favor of the Plaintiff and against the Defendant.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.    Post Judgment Interest.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
larsonlawoffice@gmail.com
Attorney for the Plaintiff